# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AINSTEIN AI, INC.,** | ) |
| | ) |
| | ) Case No: |
| Plaintiff, | ) |
| | ) **\*\*TELEPHONE CONFERENCE** |
| v. | ) **AND ACCELERATED BRIEFING** |
| | ) **SCHEDULE REQUESTED\*\*** |
| | ) |
| **ADAC PLASTICS, INC.** | ) |
| | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and D. Kan. Rule 65.1, plaintiff Ainstein AI, Inc. ("Plaintiff" or "Ainstein") moves this Court for the issuance of a Preliminary Injunction to enjoin ADAC Plastics, Inc. ("Defendant" or "ADAC") from using or disclosing misappropriated trade secrets and confidential information, from violating non-compete and confidentiality obligations, and requiring specific performance of certain specific obligations to fund the parties' joint venture sufficiently for the venture to meet its obligations to fund and cooperate in the enforcement of its rights. Ainstein brings this motion to avoid the irreparable harm that would result if Defendant is permitted to continue its tortious and unlawful conduct.

Ainstein is a company that has developed, designed, and sold radar technology that uses active scanning sensors to assist in product awareness and automation. ADAC is a Michigan-based company that supplies mechatronic vehicle access systems to some of the largest automotive companies in the world. The two companies began working together in the summer of 2020. From there, the parties' business relationship took off, ultimately resulting in a joint venture, RADAC, LLC ("RADAC"), which was formalized with the execution of a Limited Liability Company

Agreement ("the LLC Agreement") and related agreements. RADAC's stated business goal was to develop and commercialize radar sensor solutions to be used in all applications in the global light vehicle and global commercial vehicle markets. Ainstein's agreed-to contribution to the joint venture was its intellectual property, with a 51% ownership interest in the venture. ADAC's agreed-to contribution was to provide market access to large automobile original equipment manufacturers, to provide capital as needed up to $5 million, and to develop business engagements, with a 49% ownership interest in the venture.

The joint venture soured due to ADAC's actions, including treating Ainstein as a contractor rather than a partner. Things got worse when ADAC abruptly terminated Jack Prince from his position at ADAC and took the position that this ended his tenure as the RADAC General Manager. Ainstein was not consulted, and did not approve of this termination. ADAC then surreptitiously downloaded Ainstein's intellectual property, which included trade secret and proprietary information. Finally, at or around this same time, ADAC 'went dark' on communication with Ainstein, and failed to address the problems these actions created for RADAC. To make matters worse, ADAC is using Ainstein's intellectual property, including trade secrets, to develop radar-sensing technology for use in automotive applications using a subcontractor, D3, that RADAC had previously used to develop radar technology. These actions amount to misappropriation of trade secrets, unfair competition, and breach of contract, *inter alia*. ADAC's actions harm Ainstein's position in the competitive market and will continue to harm the goodwill associated with Ainstein if ADAC is not enjoined.  It is clear from these actions that Court intervention is needed to prevent further harm to Ainstein's competitive interests and to prevent further erosion of Ainstein's market value.

For the foregoing reasons and those set forth in the Suggestion in Support of the Motion for a Preliminary Injunction, Ainstein respectfully requests that the Court grant its motion. To limit the irreparable harm that ADAC is causing to Ainstein's competitive position in the market place, Ainstein respectfully requests this Court grant its Motion for Preliminary Injunction ordering:

A. Enjoining ADAC, its officers, agents, servants, employees, attorneys, successors, and assigns and those persons in active concert or participation with them from continuing to use Ainstein's IP, which include trade secrets and other proprietary information;

B. Requiring ADAC to return or destroy all Ainstein IP in its possession that it obtained through improper means, after forensically images are taken of any storage devices or media on which it was stored or used for purposes of discovery in this matter;

C. Enjoining ADAC, its officers, agents, servants, employees, attorneys, successors, and assigns and those persons in active concert or participation with them from engaging in any activity that misappropriates Ainstein's IP, which includes trade secrets and other proprietary information;

D. Enjoining ADAC, its officers, agents, servants, employees, attorneys, successors, and assigns and those persons in active concert or participation with them from continued breach of its non-compete and confidentiality obligations under the LLC Agreement (including without limitation requiring their return of and prohibiting them from any use of the Ainstein IP and RADAC work product);

E. Requiring specific performance of ADAC's remaining capital contribution commitment up to a total of $5 million, in order to enable RADAC to pay its General Manager and to pay the fees and costs of pursuing Count IV of the Complaint to enforce the rights of RADAC.

Ainstein reserves the right to modify this request based on further information learned in discovery.  In addition, recognizing the rules that govern this Court's consideration of preliminary injunctive relief, Ainstein respectfully requests this Court set a telephone conference this week to schedule an accelerated briefing schedule that balances Defendant's right to notice and an opportunity to be heard with Ainstein's right to minimize the irreparable harm that it and the joint venture are currently suffering.

CORE/3502457.0004/181493604.1

Dated: April 18, 2023

Respectfully submitted,

*/s/ Sean W. Colligan*
Sean W. Colligan, Kan. Bar # 25727
Renee E. Henson, Kan. Bar # 28493
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Tel: (816) 691-3384
sean.colligan@stinson.com
renee.henson@stinson.com