IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AINSTEIN AI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 2:23-cv-02166-DDC-TJJ |
| | ) | |
| v. | ) | Hon. Daniel D. Crabtree |
| | ) | |
| ADAC PLASTICS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

Ainstein AI, Inc. ("Ainstein") filed suit in the wrong forum, claiming an emergency over legal acts that happened nearly six months prior. Then, when ADAC Plastics, Inc. ("ADAC") filed its Motion to Transfer Based on Agreement to Arbitrate ("Motion to Transfer") (Doc. 16), Ainstein responded by filing an Amended Complaint (Doc. 25) for the sole purpose of responding to ADAC's Motion to Transfer.[1] Simultaneously, Ainstein opposed ADAC renewing its Motion to Transfer in response to the Amended Complaint, despite the rules permitting it. During a telephone conference concerning ADAC's request, the Magistrate Judge indicated that, in lieu of filing a renewed motion and thus permitting Ainstein to respond again, ADAC would be better off having additional pages for its Reply Brief, thereby preserving the last word for ADAC. The Magistrate Judge also ordered that ADAC could "raise new arguments" responsive to new issues in the Amended Complaint. (Doc. 32). Respecting the Court's decision, ADAC proceeded accordingly.

---

[1] Primarily, Ainstein (i) removed any requests for damages to attempt to fit its claims within an "equitable remedies" provision, (ii) deleted an allegation that the arbitration clause does not apply to tort claims, and (iii) sought to bolster its specific performance claim. (*See e.g.*, Doc. 25, ¶¶ 75, 95-96).

4867-9433-0981.1

Now, Ainstein seeks to further restrict ADAC's ability to brief the arbitration issue, or have the last word, all under the guise of ADAC raising "new arguments." The Court should not countenance Ainstein's spurious briefing tactics. Ainstein's instant Motion suggests ADAC is not permitted to distinguish cases cited in Ainstein's response and parses select language in the Motion to Transfer out of context. Ainstein's feigned attempt to have the last word is too clever by half. As set forth below, the Court should deny Ainstein's Motion.

Ainstein argues that ADAC's Reply Brief raises new arguments because ADAC's Motion to Transfer "acknowledged … that the equitable remedies paragraph contains a 'carve-out provision.'" (Doc. 35, p. 3). This is just wrong. ADAC's Motion to Transfer merely cited Ainstein's allegation in the initial Complaint that the arbitration clause "provides an exception to bring suit in a court of competent jurisdiction for equitable relief such as the injunction Ainstein seeks here[.]" (Doc. 1, ¶ 75; Doc. 17, p. 2 ("Ainstein contends that its claims are outside the scope of the arbitration provision because … there is a carve-out for equitable claims if a party identifies sufficient irreparable harm."); *Id*. at p. 9 ("Ainstein … contends … there is a carve out in for 'equitable remedies' … Both arguments are meritless.")). It is disingenuous for Ainstein to argue otherwise, and we believe the Court should arrive at the same conclusion.

Equally disingenuous is that Ainstein fails to substantively address ADAC's lead argument in ADAC's Motion to Transfer: "**The parties delegated gateway issues of arbitrability to the arbitrators.**" (Doc. 17, p. 9) (emphasis in original). ADAC argued specifically that Ainstein's contention that the broad arbitration provision does not apply "because [Ainstein] seeks injunctive relief" was "contrary to binding precedent," and that "any issues concerning arbitrability … must be determined by the arbitrators and not the Court." (*Id*. at p. 17). In opposing ADAC's argument, Ainstein argued that the "**Court has authority to determine whether this litigation is carved**

2

**out from arbitration**," and cited principally to *Archer and White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274 (5th Cir. 2019). (Doc. 26, p. 12) (emphasis in original). In its Reply Brief, ADAC distinguished (decisively) Ainstein's reliance on the Fifth Circuit *Henry Schein* decision, noting that the decision "is easily distinguishable." (Doc. 34, p. 6) (quoting *Little Red Rooster Ice Cream Co. v. G.S. Gelato & Desserts, Inc.*, No. 1:22-CV-121-DAE, 2022 WL 18585893, at *3 (W.D. Tex. July 18, 2022)). Stated differently, ADAC argued the Court should delegate arbitrability. Ainstein opposed, citing a case. On reply, ADAC cited cases distinguishing that case. This is all routine briefing practice, not new arguments.

Nor is ADAC's argument in its Reply Brief that there is no carve-out from arbitration in the LLC Agreement a "new argument." In its Memorandum in Opposition, Ainstein went to great lengths to parse the equitable remedies provision arguing – as its lead argument – that it "**contains … an arbitration carve-out clause for equitable remedies**." (Doc. 26, pp. 5-6) (emphasis in original). Ainstein later argued that "**ADAC's interpretation of the carve-out clause is incorrect**." (*Id*. at pp. 10-11) (emphasis in original).[2] On reply, ADAC cited case law undercutting Ainstein's interpretation of the equitable remedies provision. (Doc. 34, pp. 4-7). Again, this is all routine motion practice. Ainstein may not like these arguments, but they are not new. These arguments derive from ADAC's Motion to Transfer, and they respond directly to Ainstein's arguments and case law in its Memorandum in Opposition.

It is telling that Ainstein's Motion does not cite this Court's published decision in *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892 (D. Kan. 2021) (Crabtree, J.). There, the defendant moved for leave to file a sur-reply where the plaintiff's reply brief allegedly cited 35 new cases, and made other new arguments in support of plaintiff's motion for class certification. *Id*. at 903.

---

[2] Ainstein's Memorandum in Opposition contains the word "carve" 30 times. (*See* Doc. 26).

Conversely, the plaintiff contended that he did not present new arguments, but put forth "responses addressing points raised by defendants." *Id*. The Court noted that "[s]ur-replies typically aren't allowed" and are permitted under only "rare circumstances." *Id*. at 902-903. "The[se] rules," the Court found, "are based on common sense. They are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word.'" *Id*. at 903 (citation omitted).

This Court sided with the plaintiff. The Court held that "citing new cases in a reply to support legal theories already raised in an opening brief doesn't warrant a sur-reply," and "a reply which merely responds to matters placed in issue by the response, and does not spring upon the opposing party new reasons … is entirely proper." *Id*. at 903-904 (citations omitted). That is, "a reply 'may properly highlight the deficiencies' in a response 'without opening the door to additional pleadings.'" *Id*. at 904; *see also id*. at 907 ("Plaintiff was entitled to reply to the arguments and legal authority raised in defendants' Response.").

So too here. ADAC's arguments in its Reply Brief are not new, and directly refute arguments made and cases relied upon by Ainstein in its Memorandum in Opposition – including the Fifth Circuit's *Schein* decision. In fact, most of the cases cited by ADAC in its Reply Brief concerning arbitration cite to and distinguish, or are cited by, the Fifth Circuit's *Schein* decision. *See e.g.*, *Little Red Rooster Ice Cream Co.*, 2022 WL 18585893 at *3 (distinguishing *Schein*); *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 326 (W.D. Pa. 2020) (distinguishing *Schein*); *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 847-48 (6th Cir. 2020) (distinguishing *Schein*); *Cont'l Materials, Inc. v. Veer Plastics Priv. Ltd.*, No. 2:22-CV-3685, 2023 WL 2795345, at *2 (E.D. Pa. Apr. 5, 2023) (citing to *Schein* where the parties had an arbitration provision similar to that of *Schein*, and not similar to the arbitration provision in the LLC

4

Agreement here). Again, it is disingenuous for Ainstein to contend these arguments are new, warranting striking ADAC's Reply Brief or, alternatively, permitting Ainstein to file a sur-reply.

The only arguably "new" argument in ADAC's Reply Brief concerns Ainstein's specific performance claim. But Ainstein filed an Amended Complaint to specifically revise allegations supporting its specific performance claim. (*See e.g.*, Doc. 25, ¶ 75). While Ainstein may contend that the revisions were insignificant, if that were true, then it should not have revised them at all. But it did. Regardless, the Court can grant ADAC's Motion to Transfer without even addressing ADAC's arguments regarding Ainstein's specific performance claim. *James*, 522 F. Supp. 3d at 905 ("[E]ven if these newly cited cases constituted new legal arguments—and they do not—the court doesn't have to consider them, which again obviates the need for a sur-reply on this point.").

Ainstein also argues that ADAC's Reply Brief contravenes the Magistrate Judge's Order (Doc. 32). Not so. The arguments are not new and address arguments made by Ainstein. Conversely, it is Ainstein that has contravened the Magistrate Judge's Order. During the telephone conference on ADAC's request to file a renewed motion, the Magistrate Judge denied ADAC's request, instead providing ADAC with additional pages and the last word on its Motion to Transfer. Ainstein now seeks to undermine that decision. The Court should not let it.

The Court should respectfully not strike ADAC's Reply Brief, or give Ainstein the last word via a sur-reply. Nonetheless, whether the Court considers Ainstein's proposed sur-reply (which, for the Court's sake, ADAC does not address here[3]), or not, it does not matter. Ainstein cannot overcome the broad arbitration provision and the legal authority establishing that it is required to arbitrate. The Court will undoubtedly read the parties' briefs and have a firm grasp of the issues of which it has written about previously.

---

[3] *James*, 522 F. Supp. 3d at 904 ("This would create a seemingly endless cycle.").

4867-9433-0981.1

Dated: May 18, 2023

Respectfully submitted,

KUTAK ROCK LLP

*/s/ Matt R. Hubbard*
Matt R. Hubbard				KS #18016
Michael D. Textor			KS #18083
2300 Main Street, Suite 800
Kansas City, MO 64108
P: 816-960-0090; fax: 816-960-0041
Matt.hubbard@kutakrock.com
Michael.textor@kutakrock.com

And

Scott R. Murphy (*Admitted Pro Hac Vice*)
Anthony C. Sallah (*Admitted Pro Hac Vice*)
BARNES AND THORNBURG LLP
171 Monroe Ave N.W., Suite 1000
Grand Rapids, MI 49503
P: (616) 742-3938
smurphy@btlaw.com
asallah@btlaw.com
ATTORNEYS FOR DEFENDANT
ADAC PLASTICS, INC.

4867-9433-0981.1

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 18, 2023, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the court's electronic filing system.

                                                       */s/ Matt R. Hubbard*
                                                       Attorney for Defendant